<table>
<tr><td colspan="3" align="center">Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL XI</td></tr>
<tr>
<td>PASCUAL LLANO ALICEA<br><br>RECURRIDO<br><br>V.<br><br>DIEGO L. PERDOMO FERRER Y OTROS<br><br>PETICIONARIO</td>
<td>KLCE202301060<br><br>Consolidado con:</td>
<td>*Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Guaynabo<br><br>Civil Núm.: GB2022CV00995<br><br>Sala:701<br><br>Sobre:<br><br>Incumplimiento de Contrato</td>
</tr>
<tr>
<td>PASCUAL LLANO ALICEA<br><br>RECURRIDO<br><br>V.<br><br>DIEGO L. PERDOMO FERRER Y OTROS<br><br>PETICIONARIO</td>
<td>KLCE202301061</td>
<td>*Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Guaynabo<br><br>Civil Núm.: GB2022CV00995<br><br>Sala:701<br><br>Sobre:<br><br>Incumplimiento de Contrato</td>
</tr>
</table>

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Alvarez Esnard, y la Jueza Díaz Rivera.

Brignoni Mártir, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 15 de diciembre de 2023.

Perdomo Ferrer & Company, PSC y Diego L. Perdomo [1] y Perdomo Ferrer, LLC[2] (denominados en conjunto "peticionarios") presentaron dos recursos de *Certiorari* en los que solicitan que revoquemos la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI) el 26 de junio de 2023. En el aludido dictamen el foro de instancia declaró *No Ha Lugar* las peticiones de desestimación instadas por los peticionarios. Mediante nuestra *Resolución* del 27 de septiembre de 2023, ordenamos la consolidación de los recursos.

---

[1] KLCE202301060.
[2] KLCE202301061.

Número Identificador
SEN-RES2023 _____

Luego de un detenido análisis de la controversia ante nuestra consideración *denegamos* la expedición de los recursos.

I

El 28 de octubre de 2023, Pascual Llano Alicea (señor Llano Alicea o recurrido) presentó una *Demanda* sobre pago de dividendos y liquidación de acciones en contra de Perdomo Ferrer & Company, PSC y Diego L. Perdomo Ferrer y Perdomo Ferrer, LLC (denominados en conjunto "peticionarios"). En esencia alegó que era accionista minoritario de Perdomo Ferrer & Company, PSC (en adelante PFC), que había solicitado la liquidación y el pago correspondiente del 20% de las acciones en dicha corporación, así como el pago de dividendos desde el año 2006 hasta el presente.

El 21 de marzo de 2023, Perdomo Ferrer LLC presentó una *Solicitud de Desestimación* alegando en esencia que de la demanda no surgen alegaciones suficientes en contra de dicha empresa que justifiquen la concesión de un remedio.

Asimismo, el 17 de abril de 2023, PFC presentó una *Moción de desestimación* fundamentada en la doctrina de cosa juzgada en su modalidad de fraccionamiento de causas y prescripción. En cuanto a la alegación de cosa juzgada alegó que el señor Llano Alicea tuvo la oportunidad de reclamar sus derechos en dos casos previos, pero optó por no hacerlo. Hace referencia a la *Querella* sobre despido injustificado y salarios que instara en contra de PFC.[3] Así como a la *Demanda* sobre sentencia declaratoria que presentó en contra de PFC y del señor Perdomo Ferrer, solicitando al tribunal que declarara su derecho como accionista a examinar los documentos relacionados con los estados financieros y corporativos desde el 2009.[4] De otro lado sostuvo que la reclamación

---

[3] Querella instada el 30 de septiembre de 2014, KPE2014-2719. En el referido caso, el 7 de noviembre de 2019, el TPI dictó *Sentencia* declarando *Ha Lugar* la *Estipulación de Desistimiento Voluntario con Perjuicio* presentada por ambas partes luego de alcanzar un acuerdo transaccional.

[4] *Demanda* instada el 30 de abril de 2015, SJ2015CV00124. En el referido caso, el 31 de octubre de 2016, el Tribunal de Apelaciones revocó la sentencia emitida por el TPI desestimando la demanda. En su lugar, el foro apelativo resolvió que el señor Llano Alicea era accionista de PFC y como tal tenía derecho a la información solicitada.

estaba prescrita toda vez que la acción para cobrar dividendos por acciones prescribe a los seis (6) años de haberse emitido ilegalmente los pagos de dividendos; que la acción para recobrar y retener la posesión de las acciones prescribe al año; y en la alternativa, la alegada imputación de responsabilidad extracontractual, también prescribe al año.

El 26 de junio de 2023 el TPI emitió la *Resolución* recurrida en la que declaró *No Ha Lugar* las mociones de desestimación instadas por los peticionarios. Al así decidir el foro de instancia concluyó lo siguiente:

> … Según surge de la acción en contra de PF LLC, no hay dudas que la causa de acción contra esta empresa se debe a que, según alega el señor Llano, esta empresa utiliza activos de PFC, específicamente la lista de clientes de dicha empresa, para lucrarse sin que esto redunde en ganancias para el señor Llano, ni que este haya sido notificado. Alega el señor Llano que esta actividad resulta en un perjuicio para él y por tanto esta empresa, al utilizar estos activos, también se convierte en responsable del pago que este alega merecer. Si esta alegación se sostendrá con el tiempo o no, no estamos en posición de resolver, pero en este momento entendemos que no procede desestimar hasta que haya comenzado el descubrimiento. Lo que sí podemos resolver es que hay alegaciones suficientes de la demanda como para que PF LLC sepa porqué se le demanda y porqué habría de responder, por lo que se cumple con los requisitos de alegaciones claras y concisa. Si esta alegación se sostendrá más adelante es una cuestión de descubrimiento.
>
> En cuanto a las alegaciones de PFC, sobre prescripción, y cosa juzgada, entendemos que estas no se sostienen. De los hechos queda bastante claro que ninguno de los pleitos previos a la presenta demanda constituye cosa juzgada, los temas son distintos, laboral y examinar los libros de la empresa, claramente fuera de lo que se alega en la presente demanda. Según no existe fraccionamiento de acciones, pues la acción de examinar los libros es claramente distinta a la de pago de dividendos. En la primera acción, solo se quiere examinar los libros para determinar si procede o no una causa de acción posterior, como ocurre en el presente pleito. En el pleito laboral no hay mucho que explicar, las reclamaciones de tipo laboral no tienen relación alguna con el reclamo presente. En cuanto a la prescripción debemos señalar dos cosas, en primer lugar, la parte demandante alega que PFC reconoció su deuda en una reunión celebrada en el año 2021, por lo cual no aplica la prescripción. Además, debemos tener en cuenta que no es hasta que el Tribunal de Apelaciones en el caso KLAN201600065, resuelto el 31 de octubre de 2016, y notificado el 4 de noviembre de 2016, que se resuelve absolutamente que el señor Llano es accionista de PFC, por lo que sería desde ese momento que esta sentencia es final y firme que comienza a correr cualquier acción, pues hasta esa fecha había dudas de si el señor Llano era o no accionista de PFC. Entonces, como vemos, no solo tenemos que examinar si ocurrió el reconocimiento de deudas por parte de PFC, sino que existen grandes

posibilidades de que la acción del señor Llano no haya prescrito, pues no es hasta diciembre del 2016 que queda absolutamente claro que él es accionista y que tiene derecho a reclamar sobre ella desde esa fecha. Por todo lo anterior, aun no podemos desestimar la demanda, presentada por el señor Llano.[5]

Los peticionarios solicitaron reconsideración a lo que el señor Llano Alicea se opuso. Sin embargo, el foro de instancia declaró *No Ha Lugar* las solicitudes de reconsideración mediante *Resolución* del 25 de agosto de 2023. Aun en desacuerdo, PFC y Diego L. Perdomo Ferrer presentaron una *Petición de Certiorari* en la que solicitan que revoquemos la *Resolución* emitida pues a su juicio:

> Erró el Honorable TPI al no declarar con lugar la Solicitud de Desestimación bajo la Regla 10.2(5) cuando la parte demandante no aduce una causa de acción de incumplimiento de contrato o de daños y perjuicio que justifique la concesión de un remedio por aplicar la doctrina de cosa juzgada en su modalidad de fraccionamiento de causa y por estar las reclamaciones prescritas.

Ese mismo día Perdomo Ferrer LLC presentó un *Recurso de Certiorari* en el que solicita a su vez que revoquemos la determinación pues según intima:

> Erró el Honorable TPI al no declarar con lugar la Solicitud de Desestimación bajo la Regla 10.2(5) cuando la parte demandante no aduce una causa de acción de incumplimiento de contrato o de daños y perjuicio que justifique la concesión de un remedio.

En ambos recursos los peticionarios reprodujeron los argumentos expuestos ante el TPI en sus respectivas solicitudes de desestimación. Por su parte, el señor Llano Alicea presentó su oposición a la expedición de ambos recursos.

II

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. Art. 670 del Código de Enjuiciamiento Civil de 1933, conocido como Ley de Recursos Extraordinarios, 32 LPRA sec. 3491;

---

[5] Véase *Apéndice* del KLCE202301060, pág. 125.

*Caribbean Orthopedics v. Medshape et al*, 207 DPR 994 (2021); *800 Ponce de León Corp. v. American International Insurance*, 205 DPR 163 (2020). Por tanto, la expedición del auto de *certiorari* descansa en la sana discreción del tribunal revisor. Medina Nazario v. McNeil Healthcare LLC, 194 DPR 723, 729 (2016); *IG Builders et al v. BBVAPR*, 185 DPR 307, 337-338 (2012).

La Regla 51 de Procedimiento Civil, 32 LPRA Ap. V, delimita expresamente las instancias en las que este Tribunal de Apelaciones puede expedir los recursos de *certiorari* para revisar resoluciones y órdenes interlocutorias del foro de Instancia. *800 Ponce de León Corp. v. American International Insurance, supra*; *Scotiabank de Puerto Rico v. ZAF Corporation*, 202 DPR 478, 487 (2019). En lo pertinente, la referida regla dispone lo siguiente:

> [e]l recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o **de la denegatoria de una moción de carácter dispositivo**. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari, en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. (Énfasis nuestro). 32 LPRA Ap. V, R. 52.1.

Ahora bien, aun cuando al amparo del precitado estatuto adquirimos jurisdicción sobre un recurso de *certiorari*, la expedición del auto y la adjudicación en sus méritos es un asunto discrecional. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008). Sin embargo, tal discreción no opera en el abstracto. *Íd*. La Regla 40 del Reglamento del Tribunal de Apelaciones establece los criterios que este foro tomará en consideración para ejercer prudentemente su discreción para expedir o no un recurso de *certiorari*, a saber:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.
B. Si la situación de hechos planteada es la más indicada para analizar el problema.
C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.
D. Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.
E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B.

De otra parte, este Tribunal solo intervendrá con las determinaciones discrecionales del Tribunal de Primera Instancia, cuando se demuestre que hubo un craso abuso de discreción, prejuicio, parcialidad o error manifiesto. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

III

En ambas peticiones de *certiorari* los peticionarios nos solicitan que revisemos la *Resolución* del 26 de junio de 2023 en la que el foro de instancia denegó sus respectivas mociones de desestimación. Tratándose de una determinación en la que se deniegan mociones dispositivas la Regla 52.1 de Procedimiento Civil, *supra*, nos faculta a intervenir de manera interlocutoria. No obstante, luego de revisar los argumentos esbozados por los peticionarios no encontramos cumplido ninguno de los criterios que la Regla 40 de nuestro Reglamento del Tribunal de Apelaciones, *supra,* nos invita a evaluar para expedir un auto *certiorari.* A tales efectos no vemos razón para intervenir con el razonamiento del tribunal *a quo* en esta etapa.

IV

Por los fundamentos antes expuestos *denegamos* la expedición de los recursos solicitados.

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones